I'd like to reserve 10 minutes or as much time as I have left for a rebuttal. The first thing, just out the gate, that I want to talk about is are these motions for judicial notice that have been filed, what, the 11th hour by both sides, I guess, as far as that goes. And so we obviously haven't ruled on them. But there's, and it appears that neither of you are objecting to the other's motions. But, which is, that makes it easy for the judges to say, well, it's not objected, so we'll then just let it in. But I want to take it a step further. While some of it may appear to be subject to judicial notice, it's really not clear, well, or it might be clear to me or it's not clear to me exactly why both of you want to do this. And whether, and so maybe I need to hear about that because it, I have a hunch that you're trying to do by indirection what you can't do by direction and reopen, get, have the court resolve some factual issues and have a new hearing on certain issues. And so that's my concern on the judicial notice. Thank you, Judge Callahan. It's a good question. I'll tell you why I filed a judicial notice motion on behalf of Silverwood. You're not objecting to the other motion then either, right? I am, I'll say my position on that in a moment. I have some concerns with it. But let me say, with respect to ours, we brought three documents before you. You sit, in this case, like the district court. It's de novo standard of review. It seemed that there was an obligation on me to update you with significant developments. What is happening in the district court? What position is being taken by the United States? What is happening in the state court? I did it with the minimum of officially noticeable or judicially noticeable documents I could. And my purpose was simply to update the court so it could be apprised, because you're supposed to make this decision on the basis of practical considerations. Okay, but if we're making a de novo determination, that doesn't necessarily mean that we get to put new evidence in, correct? That is true. And what my concern is that these documents are being offered on the prong of substantial interest. Well, the documents are simply really, it's an update for the court. The look on your face sort of tells me, answers that a little bit there. No, it's an update for the court. That's the purpose of it. So it would be only for an update and subject to the constraints of judicial notice and not to interject facts, new facts, into the substantial interest. Actually, the facts in this case are established by the complaint and intervention, which under the Byrd case this court assumes to be true. And that is a great record as far as we're concerned. But we felt it was fair to the court to let you know what's going on and what positions are being taken, because we feel that this intervention case raises huge due process issues. Do you want me to address the other motion for judicial notice? That motion. I guess whatever you object to about it, because I don't think they objected to yours. The United States did not object to ours. LSL did not respond. LSL filed that motion for judicial notice. I don't know the purpose of it. It does provide some pleadings for the court, but I would suggest that while this court could consider anything, as far as we're concerned, on a motion for judicial notice, if it's properly noticeable, I'd be concerned about the tenor in which those documents are put in front of the court. So with that, let me proceed with my argument. Okay, thank you. Thank you. This case, as I said, raises serious due process concerns. On the one hand, the United States says Silverwood's interest in its judgment lien is protected. No problem. On the other hand, the United States wants and apparently expects the district court to grant large penalties to it, in the case below, against LSL. And we don't know the amount of those penalties. That hasn't happened yet. And then to declare that the United States has priority over Silverwood's claim. And all of this will occur without Silverwood being present. Silverwood. Isn't the priority established by statute? I mean, let me just put it to you. Here's my view of this case. You are a judgment creditor with a substantial judgment, a huge portion of which has not been satisfied. Correct. The United States is about to get a penalty awarded, which may be very substantial, and the assets that are available to satisfy your debt may be forever put out of your reach, depending on what happens in the receivership proceedings or whether there's a sale. But what you're really asking for, I think, is a determination of priority of claims. And the proceeding that's ongoing in the district court is an EPA enforcement proceeding to determine whether or not there have been violations of the Clean Water Act and how much to impose on the violator. And four years later, you want to come in and try and improve your position to collect your ability to collect on the judgment. Now, have I completely misunderstood what's going on here, or is that what we're facing? Well, that's the way the United States characterizes it. So I've given the government's argument. You've given the government's argument. Okay. Then why don't you respond? Thank you. First of all, all we wanted to intervene in was the remedies phase. And two of the cases that are in our 28J letter point out this court frequently, and district courts in this circuit frequently, allow people to come in at the remedies phase. And we're willing to take the record as it exists. We really don't have an interest in the environmental issues. We have an interest, as Rule 24 says, in the property that is the subject of this action. And we came in as soon as it became clear that our interest was threatened. Now, we got you are correct, Your Honor. Why didn't it become clear when it was obvious that the United States was seeking civil penalties? You've obviously, the groups have been on the phone all along following this litigation. And the statutes have been on the books for a long time. So why didn't that just trigger it at that point? My colleague, Mr. Last, did indeed have conversations repeatedly with Mr. Rothman of the Environmental Protection Agency. Never in the four years that we were talking was there any suggestion that the United States was objecting to our collecting our judgment or claiming any priority over it. It was not until May 9th, 2002, in a telephone conversation in which Mr. Last and I, Mr. Rothman and Ms. Jonas, who wrote the brief for the United States in this case, learned from Ms. Jonas that the United States was thinking of asserting priority under the Federal Priority Statute. That was three weeks before we filed our motion to intervene. But you knew when the proceeding was initiated that this was an enforcement action that the government was bringing. And all you have to do is look at the statute and see that there are civil and criminal penalties that the government may seek. We have no problem with the government requesting penalties, Your Honor. What we have a problem with is priority. We thought that the United States was acquiescing in our having priority. They were essentially going to let us collect our judgment. And then May 9th, three weeks before we filed. It's different from a judgment creditor who holds a judgment going after a punitive taxpayer who owes the Internal Revenue Service unpaid taxes, which by statute have priority over an unsecured creditor. Okay. Well, let's talk about the Federal Priority Statute that's being asserted here, which is 31 U.S.C. Section 3713. It was enacted in 1797. At that time, there was no provision for recording abstracts of judgment. So it gave federal priority. But in 1998, the most recent United States Supreme Court case to look at that, State of Romani, I'll give you the site of that, 523 U.S. 517 at page 526. The United States Supreme Court raised the question, which they have raised before and reserved, as to whether that statute applies to secured creditors. Because now you get a secured interest by recording an abstract of judgment, which we did in 1996 before the case below was filed. California's Enforcement of Judgments Act gives us priority because we're first in time. Unless somehow that is overruled or preempted by this federal statute, and there's a lot of doubt about it. And, in fact, we never knew that the United States was actually going to assert the Federal Priority Statute until just before we moved to intervene, because we felt we had to. I still don't understand. You've got a judgment, and you know that the United States is seeking penalties from the debtor. And why wouldn't you understand that when you're going up against the government who's trying to squeeze blood out of the debtor, that you're going to have a problem as to whether Uncle gets paid before anybody else gets paid? Well, Your Honor, there was no order appointing a receiver. We didn't move to the remedy stage below until April 9, 2002. First four years of that case, while we had our judgment and were talking with the government, was about the environmental laws. I don't even know if we had a right to intervene at that juncture. We didn't care about the environmental laws. In the meantime, we were spending hundreds of thousands of dollars, which we will never recover, to defeat Al-Asal and enforce our judgment. And we did so successfully in eight consecutive orders in six different tribunals, from the California Supreme Court, two different courts of appeals, the California PUC, and two different superior courts. We were busy. And Silverwood does not have limitless funds. But all of a sudden, on April 9, the district court, moving to the remedy phase, enjoined any judgment creditor from enforcing their judgment. So we called up the United States. Isn't that because under the Clean Water Act, the government has an overriding health and safety concern to make sure that the customers of the water district are supplied with clean water that's safe to drink? Our interest is consonant with the government's on the issue of the sale of the assets, because we think we deserve to collect our judgment, and these water companies should go to law-abiding water companies who will operate them in the public interest. You were writing our opinion before. Yes. What would you say should be the standard for intervention as of right in a clean water enforcement action by the government? Well, there's nothing — good question. I've got about a five-part answer. But there's nothing in the Safe Drinking Water Act, which is the act we're talking about here, that limits the ability of parties to intervene based on Rule 24A2. Unlimited? Well, no. You have to show the requirements of significantly protectable interest, not being represented by another party. Let me ask you about that while you're on that, okay, because you have the four interests, because I want to ask you on that, and the first one being the timeliness, and then you go through the other four. My understanding is the timeliness is reviewed for abuse of discretion, and the other three are de novo. That's correct. All right. Abuse of discretion is always — it's the battle, the hill no one wants to climb as an appellant. So my understanding would be if you're out on the timeliness on an abuse of discretion, we don't need to look at the other ones. Is that correct? Yes, Your Honor. But may I address timeliness? Well, and tell me why the court abused its discretion. Absolutely. Because obviously that's a much more deferential standard for us. Your Honor, it's a clear abuse of discretion. And the reason — and none of the parties raised timeliness. Judge Fogel did that. Sue Esponti. We alleged in our complaint — you've got to take our allegations as true. There's supposed to be a liberal standard in this circuit under Berg. April 9th, we learned that we were enjoined. Actually, we learned it sometimes after because we did not get these pleadings immediately. We're not parties. May 9th, Ms. Jonas informs us that the United States is now for the first time saying they're going to assert priority. If we had priority, we wouldn't need to be in the federal action. So that's May 9th. June 5th, we file. That is very, very quick considering all the research we had to do on the federal priority statute and everything else. In our complaint — But do you measure from when you had actual knowledge or when you should have known? Your Honor, you measure — to me, you measure from when your interests, your rights are threatened. And we did not — we reasonably did not think our rights were threatened until April and May of 2002. And all we asked for was intervention in the remedy phase of this proceeding. We don't care about what happened before. And, in fact, if this Court were to reverse and let us get in the case under the law of this circuit, that intervention is prospective only. So any orders that have occurred in the past, we can't touch them. But what we need absolutely is the opportunity to argue two issues and to have a right of appeal if the judge gets it wrong. And those two issues are priority and penalties. We want to argue that we have priority. And, number two, we need to be able to argue to protect our interest that penalties should be low, because otherwise we may not be able to collect our judgment. Well, that's true of every judgment creditor. Could we point — or even creditor. Are you saying that these kinds of enforcement actions should be turned into, like, a bankruptcy proceeding? No. No. What I'm saying is under the circumstances of this case, where we have a — My question, what's so special about — leaving aside the time — We have a judgment that's now worth — We have — the property that the district court is having sold by a receiver, potentially to give the United States a million or however many penalties are awarded, that property is in some sense our property. We have an interest in it. And we're not being allowed to address the court. This is very, very unfair. But true of every — No, Your Honor, the problem is this. Federal priority is a substantial issue. We think we prevail on it. But it's a very — the U.S. Supreme Court reserved it in 1998 in this Romani case. And they rested on an 1828 decision by Justice Story. Can you try to execute your judgment, but you just have to get permission from the receiver? Can you still try to do that? We are in a place where things are very uncertain for us because we are not allowed to speak to the court. Let me explain why. The United States says basically there are two reasons why we're not hurt here. And they're wrong on both. The first is that we are allowed, based on an order after we were denied intervention, to go to the superior court and to attempt to enforce our judgment against the ALCO assets, which are some of the assets in which we have an interest. We also have an interest in the assets that are in the federal receivership. And there are four reasons why that is not adequate. The first is there may not be enough money in the federal state receivership to satisfy our judgment. Number two, the United States may come into the state proceeding, having gotten a favorable rule on priority without us being able to address it and tell the superior court judge that they have priority and they get the state assets. Why aren't you protected by Judge Fogel's order on ER332 after he denies your motion to intervene? He says, The court nonetheless will endeavor to protect Silverwood's interests by ensuring that Silverwood receives prior notice of any hearing or proceeding implicating distribution of Alice Hall's assets. Your Honor, we have received such notices on occasion. And when we have gone to appear at those, Alice Hall has argued that we have no right to speak and the judge has admonished us not to speak. We're not protected by that order in any way. You can't just say no prejudice to Silverwood and then do what is being done here. And we're not going to disrupt the federal case if we get in. We want to argue priority. We want to argue. Why not? Why aren't you? Because we're taking the record as it is. All we're asking is the opportunity to put our arguments forth and to have a right of appeal. But you want to argue penalty. I mean, you want to be standing there next to the prosecutor. Correct. No, don't hit him with a million dollars. Make it a nominal amount. Make it $5. Under the federal rule, you're correct, Your Honor. Under the federal rule, we have an interest and no one else is there protecting it. And we have a right to be in that case to protect our interests. If that's true, if Al-Asal's truck driver hits somebody and there's a suit and they have a judgment, and if that's true of everybody who's a creditor, isn't it? It may or may not be. But let me say, Your Honor, that there's $2.5 million left remaining unsatisfied in this judgment. There's no other party. I'm sorry. I'm trying to get my argument out. There's no other party that is seeking to intervene. We have an interest that needs protection. But you, in this case, there will be lots of them. Not necessarily, Your Honor. On the facts of this case. This is not a class action situation. No other creditor wants in. What if the Commissioner of Internal Revenue had started an enforcement proceeding because Al-Asal hadn't paid any of its withholding taxes? Would you be arguing that you had a right to intervene in the tax court or the district court to argue that whatever the taxes are that are going to be imposed, the taxpayers should be low because it would defeat your ability to collect on your judgment? Your Honor, that's a different case. This Court has said in the Churchill County and Forest Conservation Council cases that are cited in the 28J letter that you can come in in the remedy phase if your interest is not environmental, and ours is not. We never said it was. But it's contractual. And essentially, we have the highest form of contract available, a judgment lien. We are entitled to enforce it, and we're not – there's a serious risk that we're not going to be able to enforce it unless we're allowed in. Thank you. Have your time. Good morning. My name is Elizabeth Kessler, and I represent the United States. I'll be followed by Mr. Fairman representing Al-Asal. We've divided the time so that I'll take 12 minutes and he'll take 8. So should I ask other counsel about the judicial notice? Probably about the one that they filed, what they were thinking. I mean, I can certainly tell a court that, you know, we did not oppose those simply on the grounds that we didn't see there being anything to sort of, you know, hide from the court as to what's been going on since it has been a while since the case was briefed. The only thing I would think if – Oh, you think that the proper subject of judicial notice, the issue is how they're used, not to use them in – to add facts to the district court proceedings. Right. I think that's right. I think – and, again, we just saw no reason to keep – not keep this court apprised of what's been going on. I think as I see sort of the three issues we've briefed, the materials in the judicial notice are really pertinent to the third issue, which is Silverwood's ability to protect its own interest, which it is now doing in the State court receivership. That's – I think that's sort of the only relevance I can see to that in relation to the district court's opinion. And on the – I did want to cover essentially the three points in our brief today, and I appreciate the clarification from Judge Caliphan that the standard of review is an abuse of discretion for the timeliness issue and it's de novo for the other issue that the district court decided. On the issue of whether or not Silverwood has a significantly protectable interest in the subject of this action, the government believes that Silverwood, as a judgment creditor, does not have a sufficiently protected interest in this environmental enforcement action. That's what this case – that's what this case is, both at the liability phase and at the remedy phase. If you prevail on the timeliness issue, do we have to get to the other issues? No. No. But I think our – you know, in any case, no matter when they filed their motion, they still would not have had a significantly protectable interest. But that's correct. What's the evidence from your perspective that supports that the trial – that the district court did not abuse its discretion on the issue of timeliness, which is? Right. And the district court – under this circuit's precedent, the court usually looks at sort of three things. You know, one is whether or not the case had reached an advanced stage, and that is something the district court mentioned in his opinion, and I think he was – he was absolutely correct. It's been in litigation for years, and at this point the trial on liability is over, and even the fraudulent conveyance claim has now been tried. The other aspect that's looked at is whether or not there is – would be prejudice to the parties by the intervention, and we believe that that is also – you know, also the case here. There's been a significant effort put into the litigation and into the remedy phase, which could conceivably be reopened. If Silverwood became a party, it would have all the rights that a party has. It could make motions on the issues that it, you know, mentioned today or others that it hasn't. It could file appeals. It could take any other action that a party could take. And then the final thing that this court looks at, which the district court mentioned as well, is that Silverwood had offered no good reason for the delay in its motion and for filing that motion only in June 2002. And the complaint – the complaint was filed, the first complaint in 1997. There were several amended complaints. I would call the court's attention to the fact that the government's third amended complaint in August 2001 clearly set out that the government would be seeking receivership, and the district court not only ended up granting that in the April 2002 decision, but it also issued on February 7th a memorandum of intended decision, which stated very clearly that the court was going to be looking at substantial civil penalties and receivership, which are the two things that Silverwood claims it's sort of interested in getting involved in. But Silverwood said it didn't have any notice of any of that because it wasn't a party to those proceedings. So is your position that it somehow had an obligation to be periodically checking the court docket to see what was happening? I think in this particular case, I think there is evidence in the record of the discussions that the courts already mentioned that were going on between the party. But I also think, I mean, this case is clearly distinguishable from the Carpenter case that Silverwood cites in its brief where there were actually confidential proceedings. And I think since this case had been going on for so long, and I understand sort of was in the papers, their judgment has been out there for so long that they both had actual notice. But even if the facts were sort of different, it would be appropriate for the court to look at things that are sort of in the public record and that they should have been aware of. So are you saying that there were ongoing discussions with Silverwood's lawyers beginning when? As what's in the record. Party to those, but yeah, what's in the record. And I don't know if there were any before, but certainly in 2002. Well, you said the litigation had been pending since 1997 and there had been amendments. But was there no contact between Silverwood's lawyers and government lawyers until 2002? I believe there was some earlier contact, but I'd have to check on that. I didn't focus on that particular point. But in any event, the district court, in addition to finding that the motion was untimely, the district court went on to also discuss whether or not there was a significantly protectable interest in the subject of the action. The court quite correctly found, I think, that that logically extended Silverwood's argument would mean that any creditor could intervene in the action of any debtor, simply on the theory that the collectability of the debt might be reduced. We think that's the case here, both at the liability phase and the remedy phase. I think the cases that Silverwood cites in the 28J letter are instructive in that although those cases involve situations in which a proposed intervener was allowed to intervene at the remedy phase, they were done, those were done under particular circumstances. For example, in NEPA cases, the government is the only proper defendant at the liability case. But at the remedy phase, those cases involve the courts looking at injunctions. And this Court mentioned that there were cases where the injunction would have a direct and tangible effect on the propential intervener's interest. I would say in this case that there's still no connection at the remedy phase. And even if the facts were sort of better, there would be at best sort of an indirect effect on a creditor. Isn't there an injunction in this case? I thought we had reference to the fact that the district court says they can't attach the assets, the remaining assets, in order to execute on the debt? Well, although the district court made an important statement, I think, in that regard, that they can't do that without court approval upon motion with notice to the receiver and the attorney general. And they say that they have tried to appear and the court won't let them speak. The government has not received any motion under that provision. So we're not aware of it. If the court won't let them speak, then are you saying there's no written motion that's ever been filed? They just show up at the courthouse and say, Your Honor, we're here from Silverwood, and the judge either looks over the top of their head or says they're not a party and that he denied their motion to intervene? Right, and I don't know exactly how he has put that. But the court did provide for a mechanism for them to sort of raise that claim. And that sort of goes to the final point, which I'll touch on also, that we raise in our brief, which is essentially that in any event, we believe that Silverwood can protect its interests without being an intervener. And one way is through the state court receivership. And I would like to just clarify that the United States believes that there is a good chance that Silverwood will obtain full satisfaction in the state court receivership once the Alcoa Water System is sold. And we have made a statement to the district court that we might be interested in pursuing any remaining proceeds from the state court receivership for any federal court civil penalties. But what we have meant in those statements is that we'd be interested in pursuing any proceeds remaining after Silverwood's judgment is satisfied. Are you offering then to remit some of the civil penalties so that Silverwood can fully satisfy its judgment? Is that what you just said? Well, we haven't gotten to the civil penalties phase yet, but we believe there could be a good chance to have everyone satisfied from the assets available. We simply don't know. Have you all discussed mediation of this issue to try? I mean, it sounds to me like maybe that might be fruitful. Rather than spending money litigating motions to intervene and taking appeals to the Ninth Circuit, why don't you all? I think that the government had hoped that it could be resolved without needing to be here. The government wants to sue the district court that says Silverwood can't intervene. How does that resolve the problem? Well, that's exactly right because we think their interest can be, as a practical matter, can be taken care of without intervention through the state court receivership and also through the federal court receivership. And the district court, again, not only have they not made a motion to the district court, they haven't made a claim to the receiver, which is what other creditors have done. And that process is certainly ongoing. The federal court receivership, the assets. It seems to me that what they need to resolve this is some assurance from the government that whatever the civil penalty is that the district court imposes for the safe drinking water violation, the government is not going to seek priority in collecting that penalty if the result would be that Silverwood isn't left with enough to satisfy the balance due on its judgment. And if the government is willing to enter into that kind of an agreement, then let's go to a mediator and get this thing resolved and we'll be done with this case. And I gather that Silverwood wants more certainty than, you know, than I think they'll be able to get at this point. But, you know, we had offered up in our brief, and I provide the practical information for the court, because there is, you know, even if you found the motion was uncertain. But it sounds like you're making these arguments without the authority to commit. And so that's, you know, to somehow influence us in terms of to say, well, yeah, they really do have a remedy because we'd be willing to do this. Well, if you were willing to do that, I think what Judge Tomlin is saying is go to mediation. Well, I'm mentioning that, though, because in, and I think it was in the motion for judicial notice, that Silverwood sort of cites one paragraph out of a district court brief that we filed. I believe it was on February 3rd stating that the United States, you know, intends to seek the remaining proceeds. But our intention has been to seek the proceeds after Silverwood is satisfied. Okay. But you're not here speaking with Mr. Sansonetti's authority to compromise the civil penalty. Right. We haven't gotten to the civil penalties, you know, phase yet. We haven't gotten the civil penalties award, but we do believe that they're, you know, the ALCO assets are, you know, and the other Al-Asal water system assets, you know, are significant and that there's a chance that everyone will be satisfied. In closing, because I should, of course, let Mr. Fairman speak, we believe that the district court properly denied the motion to intervene and that its order should be upheld. Thank you. Court, please. Judicial notice. Yes. And name. Pardon me. And name. Mark Fairman. And you're representing? I represent Al-Asal and the individual defendants who are respondents here, appellees here. I heard counsel for the government say that they did not object to the judicial notice because they felt it was appropriate to apprise the court of developments that took place since the matter was briefed. I, Your Honor, thought that I had a duty to bring those matters to the Court's attention, because they not only demonstrate that one of the major issues has been mooted by subsequent events, the major issues that the appellant relied on in the district court, but that was a duty that, in my view, they had to bring to the Court's attention. The major issue that was mooted is? The major issue that was mooted is that they told this court in their briefs, as they had told the district court in their complaint and intervention, which attached to it the motion that they have subsequently filed in the state court and had granted, that they were precluded unless they intervened from filing that motion in the state court and succeeding on it. That is an attachment to their complaint and intervention. They, after telling this court that they were precluded from doing that, they just went and did it. And they told the state court, and I'm reading from one of the documents of which I asked the Court to take judicial notice, that, and I'm reading from tab 3, the EPA action and receivership do not raise any impediment to this Court's ordering the relief requested, and that's at page 5 of a brief that was filed in the state court on May 27, 2003. Go all the way back to the motion to intervene, June 28, 2002, when Silverwood told the district court that they needed permission to, they needed intervention in order to have the court determine whether Silverwood's lien will receive priority of payment from the proceeds of any such sale. Because that will affect its interest. Its interest would be affected. And then they went and told the superior court that their interests were not affected. Well, so, but that seems like you're doing just what, you know, we can take judicial notice of what it says in the document, but it seems like you want me to import back into the hearing in front of the district judge that for impeachment, I mean, of what  sort? No, Your Honor. That's where I have a problem. So I'll try to be direct about it. It seems to me there's an overriding issue here, and that is once an appellant has come to this court and represented that it has a valid issue on appeal by virtue of a petition and intervention having been denied, and then takes the action that is the circumstance which gave it the ticket to this, to the appeal, as they acknowledged, and don't apprise the court of that, it seems to me that's a material issue of which the court should take judicial notice. We're just, we're the corpse and the vultures are picking at us. So whether they pick at us in one form or pick at us in two-fora, and by the way, in response to Judge Coleman's comments, during the last hearing before Judge Fogel, and I am new to that case, I suggested mediation, because if you read the government's brief that was in the appellant's request for motion for judicial notice, you'll see that the government essentially takes the position that we have no rights, so they'll just divide up our assets, and we take a very different view of that, and that will be better presented in the pending appeal on the merits. But I did want to, have I answered your question? Yeah, I think so, but if the court were to, for the purposes that the parties are offering judicial notice, if the court were to resolve this issue on the untimeliness issue, or the timeliness issue, does that moot out that motion? It doesn't moot out my concern, which I feel should be the court's concern, and I will just tell you why, because this is not, I will now address some circumstances that are in this record, apart from the judicial notice, they took place before the appeal was filed, and it goes to the fourth prong, I think I've dealt with the third prong, or maybe I've got it backwards, but one prong is they can't protect their interests unless they intervene. That's what the purpose of the judicial notice was. They're doing that. The other prong is they have to have. Could you object to their documents? No, not at all. Okay, so you, so basically you don't object. I telephoned him and said it was fine, and that I'd already filed a request for judicial notice, so I understand his statement. He'd apparently already filed it and delivered it by the time I got the message. Same day. But in any event, the other issue is they don't have a protectable interest, and this Court can review that de novo, and I submit, apply a summary judgment standard, and there is no issue of fact about the absence of their having any security interest, any lien on the property that they're claiming. They have a claim. It's more significant than the point that was made, that I think Your Honor's made, about other creditors intervening in cases like this. Their lien expired in January at the latest, in January of 2002, before any of these proceedings. And they were represented to this Court. They represented the declarations. They represented the Court below. After their lien expired that they had a valid security interest, which they never did, that's a piece of paper that gets filed by virtue of a contract. Is this all on the record?  Yes, Your Honor. Yes, Your Honor. And counsel acknowledged before that their abstract of judgment was filed in 1996, and I will just point the Court to, and this was not in the briefs, I wasn't there then, but I came upon this issue when I was dealing with it in the Superior Court, and I refer the Court to section 697.510 of the Code of Civil Procedure entitled Creation and Duration, Priorities, Relation Back. And subsection B, unless the money judgment is satisfied or the judgment lien is terminated or released, the judgment lien continues for five years from the date of filing. The legislative committee comment states, sorry to go into legislative history, but I did read the statute first, subdivision B makes the duration of the judgment lien on personal property the same as the effective period of a filed financing statement under commercial code sites. Unlike the security interest, however, the judgment lien on personal property may not be extended beyond the five-year period. The five-year period is sufficient to permit the judgment creditor to apply the property to the satisfaction of the judgment by execution or otherwise. The appellant has no interest. Okay. You have used your time. Thank you very much. Thank you. I'm sorry. I didn't get my full argument out. It's starting because the court was very active, and there are some very important points I need to cover. First of all, the responding to Mr. Fairman, because I just want to get rid of that, the section that he cited to you about the expiration of the judgment lien applies to personal property. What we're concerned with here is real property, and there is no such expiration. And I think if you heard the quote, he just talked about personal property. Water systems. You have used your time. Is that correct? I think you gave him one minute. I guess I gave you a minute. I'm sorry. I forgot I gave you a minute. Well, let me just say this. The best argument that we have why you shouldn't affirm on the basis of timeliness, untimeliness, and keep us out of this case, is it's just not fair. You can't let the government trounce on the rights of a private citizen. We are not given an ability, contrary to what the United States says, we are not given the ability to protect our interest by going to ALCO. As I said, there are four reasons. Because there may not be enough money down there, because the United States can come in and claim priority when we've been denied the right to argue that. Because the district court, as in the judicially noticed motions indicated, may pull the ALCO assets back into the federal case in which we have no opportunity to participate. And because we also have rights, secured interests, in the property that is in the federal receivership, and we're entitled to enforce as to those. And with respect to the timeliness issue, April 9th and May 9th of 2002, we were enjoined and told priority was a we were shocked. We were threatened at that point. We very quickly intervened. This was an abuse of discretion. We're only trying to get into the remedy phase. I would like to make one other point to the court, because the court seems to be looking for a way out of this, and maybe even the United States does. And it's just a thought, but there may be a way that the judgment could be affirmed while preserving Silverwood's rights. And that would be, actually there's two ways. Just put this out here and the court will do what it does. And that is that the court, consistent with the prayer in the complaint and intervention, could reach the priority issue and determine that under the circumstances of this case we have priority. Then we wouldn't need to go in. But the second way you could affirm would be to observe. They said you could rely on the conversations between the United States and Silverwood over the years. We were led to believe by those, and that's in our complaint and intervention. First time we heard about priority was in May of 2002. We were led to believe that priority would not be asserted. We were not even aware of the federal priority statute. But then, and this is ER page 184, the United States said it was going to brief the priority issue in opposition to the motion for intervention. Page 185 of the excerpts of record, Judge Fogle said, I'd like to see that briefing. They may or may not have priority. And then the United States did not brief it. And I would submit that the court could find that they've waived their claim of priority. Thank you. Thank you very much. The matter just argued is submitted for decision. That concludes the court's calendar for this morning, and the court stands adjourned. All rise. This court for this session stands adjourned. Thank you.
judges: Schroeder, Tallman, Callahan